# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHRISTINA CASTANEDA, <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL DEALER SERVICES, LLC A/K/A NATIONAL DEALER PROTECTION, <br><br> Defendant. | Case No. 1:21-cv-03074 |

## COMPLAINT

**NOW COMES** CHRISTINA CASTANEDA, by and through her undersigned counsel, complaining of Defendant NATIONAL DEALER SERVICES, LLC A/K/A NATIONAL DEALER PROTECTION, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 *et seq*.

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.*, 896 F.3d 728, 738-39 (6th Cir. 2018) citing Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6. CHRISTINA CASTANEDA ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Chicago, Illinois.

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8. NATIONAL DEALER SERVICES, LLC A/K/A NATIONAL DEALER PROTECTION ("Defendant") is a limited liability company with its principal place of business at 2550 Fifth Avenue, Suite 520, San Diego, California 92103.

9. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## GENERAL ALLEGATIONS

10. Upon information and belief, Defendant develops marketing campaigns using a combination of sales channels, with an emphasis on outbound telemarketing.

11. Upon information and belief, Defendant utilizes third-party vendors to market its services.

12. Upon information and belief, Defendant's vendors are essential to the success of its telemarketing campaigns.

13. Upon information and belief, Defendant's ability to generate revenue depends significantly on its access to high-quality vendors.

14. Defendant is subject to liability under the TCPA for actions of its third-party vendors who engage in outbound telemarketing efforts on its behalf.

15. Defendant's third-party vendors identify themselves as representatives of Defendant.

## FACTUAL ALLEGATIONS

16. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 6846.

17. At all times relevant, Plaintiff's number ending in 6846 was assigned to a cellular telephone service as defined by 47 U.S.C. § 227(b)(1)(A)(iii).

18. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

19. In early May 2021, Plaintiff started to receive prerecorded messages on her cellular phone from Defendant.

20. These messages stated that Plaintiff's car warranty had expired and to press 1 to speak with a live representative or press 2 to be put on the do not call list.

21. On numerous occasions since the solicitation calls started, Plaintiff has pressed 2 to be put on the do not call list.

22. Despite Plaintiff's request that Defendant cease its invasive solicitation calls, Defendant continued to place solicitation calls to Plaintiff's cellular phone.

23. Frustrated, Plaintiff pressed 1 on one of Defendant's solicitation calls, but she was unable to reach a live representative.

24. In total, Defendant placed numerous invasive solicitation calls to Plaintiff's cellular phone after Plaintiff requested that the calls cease.

25. Defendant placed the aforementioned solicitation calls from various numbers, including the phone number (904) 220-3639.

26. Upon information and belief, Defendant has used additional unknown numbers to contact Plaintiff.

27. At no point in time did Plaintiff solicit Defendant's services or otherwise provide her cellular phone number to Defendant.

## DAMAGES

28. Defendant's illegal solicitation practices have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the solicitation calls, decreased productivity, aggravation that accompanies unwanted solicitation calls, frustration, loss of concentration, and the loss of battery charge.

29. Moreover, each time Defendant placed a solicitation call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

30. Concerned with the escalation of Defendant's invasive solicitation practices, Plaintiff retained counsel to file this action to compel Defendant to cease its invasive practices.

## CLAIMS FOR RELIEF
### COUNT I:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

31. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

32. Among other things, the TCPA prohibits certain calls to wireless and residential numbers unless the caller has the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A).

33. Under the TCPA consent rules, some types of calls require prior express written consent, while other types of calls do not require that the consent be in writing.

34. "Prior express written consent" is required for (a) all telemarketing/promotional calls/texts made using an ATDS placed to wireless numbers, and (b) all artificial or prerecorded telemarketing/promotional voice calls to wireless and residential numbers.[1]

35. The TCPA consent rules define "prior express written consent" as "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an ATDS or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered."

36. Defendant violated § 227 (b)(1)(A)(iii) of the TCPA by placing or causing to be placed at least 6 non-emergency calls to Plaintiff's cellular telephone, utilizing an artificial or prerecorded voice, without Plaintiff's prior express written consent.

37. As pled above, Defendant used an artificial or prerecorded voice that automatically played upon the call reaching Plaintiff's voicemail.

38. As pled above, Plaintiff never provided Defendant with her cellular phone number or otherwise consented to receiving phone calls from Defendant.

39. Moreover, as pled above, Plaintiff revoked any prior consent Defendant may have believed it had on numerous occasions by pressing 2 to be put on the do not call list.

40. Upon information and belief, it is a systemic practice of Defendant to call consumers without their prior express written consent, a practice designed to maximize profits at the expense of consumers.

41. Upon information and belief, Defendant does not maintain adequate procedures that effectively document consumers' requests that the calls cease, thus resulting in consumers

---

[1] 47 C.F.R. §§ 64.1200(a)(2) and (3).

receiving solicitation calls after they have requested that the solicitation calls cease.

42.    As a result of Defendant's violations of the TCPA, Plaintiff is entitled to receive $500.00 in damages for each such violation.

43.    As a result of Defendant's knowing and willful violations of the TCPA, Plaintiff is entitled to receive up to $1,500.00 in treble damages for each such violation.

**WHEREFORE**, Plaintiff, CHRISTINA CASTANEDA, requests the following relief:

A.    an order finding that Defendant violated the TCPA;

B.    an order enjoining Defendant from placing or causing to place further violating calls to Plaintiff;

C.    an award of $500.00 in damages to Plaintiff for each such violation;

D.    an award of treble damages up to $1,500.00 to Plaintiff for each such violation; and

E.    an award of such other relief as this Court deems just and proper

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury.

Dated: June 8, 2021                              Respectfully submitted,

**CHRISTINA CASTANEDA**

By: /s/ *Victor T. Metroff*

Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
Jennifer Ann McLaughlin, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
(630) 575-8180
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com
jmclaughlin@sulaimanlaw.com